# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IVAN DEXTER CHAPMAN, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:06-CR-0470-RWS |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:12-CV-0053-RWS-JFK |

## MAGISTRATE JUDGE'S FINAL
## REPORT AND RECOMMENDATION

Movant, Ivan Dexter Chapman, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of his conviction and sentence entered in this District under the above criminal docket number. (Doc. No. 42). Rule 4(b) requires the Court to order summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons discussed below, it is recommended that Movant's § 2255 motion be dismissed as untimely.

## I.  Discussion

The grand jury for the Northern District of Georgia indicted Movant for knowing possession of a firearm after having been convicted of at least one felony

offense, in violation of 18 U.S.C. § 922(g). (See Doc. No. 1; Doc. No. 24). The Court granted Movant's motion to strike surplusage from the indictment (a list of eight prior convictions), and Movant stipulated to the fact of "a prior felony conviction" and pleaded guilty after the Court advised him that whether he was an armed career offender under 18 U.S.C. § 924(e) would be decided at sentencing.[1] (Doc. No. 23 ¶ 2; Doc. No. 25; Doc. No. 28 at 3-4, 13). The indictment (before the Court granted Movant's motion to strike surplusage from it) stated that Movant had been convicted of eight prior felonies, six of which are listed in Movant's pre-sentence investigation report (PSI): (1) Fulton County case no. Z-21267, possessing marijuana with the intent to distribute; (2) Fulton County case no. Y19805, possessing cocaine (PSI ¶ 24); (3) Fulton County case no. 00SC05797, possessing marijuana with the intent to distribute (PSI ¶ 25); (4) Fulton County case no. 00SC08001, possessing marijuana with the intent to distribute (PSI ¶ 23); (5) Fulton County case no. 00CR00182, possessing a firearm as a convicted felon; (6) Fulton County case no. 2002SC08667, possessing cocaine (PSI ¶ 28); (7) Fulton County case no. 03SC05450, possessing

---

[1] Section 924(e) of Title 18 applies when a person violates § 922(g) and has three prior convictions for a violent felony or serious drug offense, or both. A serious drug offense includes an offense under State law that involves possessing with intent to distribute a controlled substance "for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii).

cocaine with intent to distribute (PSI ¶ 29); and (8) DeKalb County case no. 03CR1370, possessing cocaine (PSI ¶ 26). (Doc. No. 1). Movant did not object to the criminal convictions listed in his PSI, and, at sentencing, he did not object to the application of § 924(e).[2] (See PSI, Aug. 23, 2007, letter; Doc. No. 32). By judgment entered on September 6, 2007, the Court sentenced Movant, as an armed career offender under § 924(e), to a 174 month term of imprisonment, which included credit for six months served. (Doc. No. 31).

Movant did not directly appeal, but on May 14, 2008, filed a § 2255 motion to vacate. (Doc. No. 33). In April 2009, mail sent to Movant at his address of record was returned as undeliverable, and the Court dismissed his § 2255 motion without prejudice, noting, however, that Movant would be subject to the one-year limitations period should he re-file. (Doc. No. 37). That Order was returned as undeliverable.

---

[2]Movant's criminal history in his PSI shows at least three convictions for offenses punishable by "a maximum term of imprisonment of ten years or more[,]" 18 U.S.C. § 924(e)(2)(A)(ii) – possessing marijuana or cocaine with intent to distribute. (PSI ¶¶ 23, 25, 29). Georgia law dictates that anyone who possesses with intent to distribute a Schedule II controlled substance (cocaine) "shall be punished by imprisonment for not less than five years nor more than 30 years" and who possesses with intent to distribute marijuana "shall be punished by imprisonment for not less than one year nor more than ten years." O.C.G.A. § 16-13-30(d), (j)(2); O.C.G.A. § 16-13-26(1)(D) (identifying cocaine as a Schedule II controlled substance).

3

Shortly thereafter, at the end of April 2009, Movant submitted a change of address, and the Clerk of Court, on May 8, 2009, sent a copy of the Court's Order of dismissal to Movant at his new address of record. (Doc. No. 40; Docket Entry 5/8/2009). Movant did not seek reconsideration or otherwise respond until over two years later, on December 28, 2011, when he filed the § 2255 motion that now is before the Court.[3] (Doc. No. 42). Movant asks that his prior § 2255 motion be reinstated, but provides no reason for his long delay in making such a request. (Id. at 1). Movant also contends, for two reasons, that he is actually innocent of his § 924(e) sentence: (1) he is factually innocent of two of the allegedly qualifying convictions (numbered (1) and (5) in the indictment but not included in the PSI) because they were in fact his brother Antonio Chapman's convictions and (2) the remaining convictions (numbered (2)-(4) and (6)-(8) in the indictment and which are included in the PSI) do not qualify under § 924(e). (Doc. No. 42 at 7-10).

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of,

---

[3] Generally, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

AO 72A
(Rev.8/82)

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f). The one-year limitations period is subject to equitable tolling if the movant "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, _ U.S. _, _, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In addition, actual innocence may provide an "exceedingly narrow" exception to AEDPA's time limitations. See San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir.) (stating that court could consider an untimely § 2254 petition if the petitioner showed that he was factually innocent) (internal quotation marks omitted) (quoting Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)), cert. denied, _ U.S. _, 132 S. Ct. 158 (2011). "To show actual innocence of the crime of conviction, a movant 'must show that it is more likely than

5

not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of the new evidence of innocence." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (alteration in original) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). To the extent that an actual innocence exception extends to a sentence-enhancement claim, the movant must show that he is factually innocent of the qualifying offenses used to enhance his sentence; it is not enough to show that the offenses do not legally qualify to enhance his sentence. See id. at 1198-99 (declining to decide whether the actual innocence exception can be applied to a non-capital sentencing claim).

Here, there is no indication that § 2255(f)(2)-(4) apply. Under § 2255(f)(1), the federal limitations period began to run for Movant on September 20, 2007, when his time to appeal expired and his conviction became final, ten business days after the September 6, 2007, entry of the judgment against him. See Fed. R. App. P. 4(b), 26(a)(2) (2006). Movant does not show either an extraordinary circumstance or the type of diligence that would entitle him to equitable tolling. See Holland, 130 S. Ct. at 2562. Further, Movant's assertion of actual innocence does not demonstrate that he is entitled to that "exceedingly narrow" exception to the limitations period. San Martin, 633 F.3d at 1268. Movant makes no attempt to argue that he is actually

6

innocent of his crime of conviction under § 922(g), and his argument that he is innocent of his enhanced sentence under § 924(e) fails. Movant asserts factual innocence in regard to two of the convictions originally listed in his indictment, which were not listed in his PSI and do not appear to have been relied on to enhance his sentence. As to the remaining six convictions, which were listed in his PSI, Movant asserts only that those offenses do not legally qualify to enhance his sentence. Such argument does not demonstrate entitlement to an actual innocence exception to the federal limitations period. See McKay, 657 F.3d at 1198-99. Thus, the one-year limitations period for Movant began to run on September 20, 2007, and, without equitable tolling or an actual innocence exception to the limitations period, it expired on September 20, 2008. Movant's § 2255 motion, filed December 28, 2011, is untimely by over three years.

As a final matter, a reinstatement of Movant's original § 2255 motion that was dismissed without prejudice is not recommended. Although Movant was warned that he was subject to the one-year limitations period, he seeks reinstatement more than two years after May 8, 2009, when the Clerk of Court sent to Movant at his new address of record a copy of the Court's Order dismissing his original § 2255 motion.

7

## II. Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (internal quotation marks omitted) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

8

It is recommended that a COA is unwarranted because it is not debatable that this action is untimely. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

For the reasons stated above,

It is **RECOMMENDED** that Movant's § 2255 motion, (Doc. No. 42), be **DENIED** and that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED** this 18th day of January, 2012.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)